612 F.2d 131
 Terri Lee HALDERMAN, a retarded citizen, by her mother and
guardian, Winifred Halderman; Larry Taylor, a retarded
citizen, by his parents and guardians, Elmer and Doris
Taylor; Kenny Taylor, a minor, a retarded citizen, by his
parents and guardians, Elmer and Doris Taylor; Robert
Sobetsky, a minor, a retarded citizen, by his parents and
guardians, Frank and Angela Sobetsky; Theresa Sobetsky, a
retarded citizen, by her parents and guardians, Frank and
Angela Sobetsky; Nancy Beth Bowman, a retarded citizen, by
her parents and guardians, Mr. and Ms. Horace Bowman; Linda
Taub, a retarded citizen, by her parents and guardians, Mr.
and Mrs. Allen Taub; George Sorotos, a minor, a retarded
citizen, by his foster parents, William and Marion Caranfa,
all of the above individually and on behalf of all others
similarly situated; the Parents
and Family Association of Pennhurst Pennsylvania Association
for Retarded Citizens, Jo Suzanne Moskowitz, a minor, by her
parents and next friends, Leonard and Nancy Moskowitz,
Robert Hight, a minor, by his parents and next friends, John
and Jeanne Hight, David Preusch, a minor by his parents and
next friends, Calvin and Elizabeth Preusch, and Charles
DiNolfi, on behalf of themselves and all others similarly
situated, Plaintiffs-Intervenors
United States of America, Plaintiff-Intervenor,
v.
PENNHURST STATE SCHOOL & HOSPITAL, Department of Public
Welfare of the Commonwealth of Pennsylvania, Frank S. Beal,
Secretary of the Department of Public Welfare, Stanley
Meyers, Deputy Secretary for Mental Retardation, Department
of Public Welfare, Helene Wohlgemuth, Former Secretary,
Department of Public Welfare, Aldo Colautti, Executive
Deputy Secretary, Department of Public Welfare, Wilbur
Hobbs, Deputy Secretary for Southeastern Region, Department
of Public Welfare, Russell Rice, Jr., Commissioner of Mental
Retardation for Southeastern Region, Department of Public
Welfare, C. Duane Youngberg, Superintendent, Pennhurst State
School & Hospital, Robert Smilovitz, Former Assistant
Superintendent, Pennhurst State School & Hospital, Joseph
Foster, Assistant Superintendent, Pennhurst State School &
Hospital, Margaret Green, Betty Uphold, Alice Barton, P. E.
Klick, Dr. Parocca, Helen Francis, employees and agents of
Pennhurst State School & Hospital, John Doctor, James Nurse,
Jane Aide, Jill Therapist, Richard Roe, Jane Doe, unknown
and unnamed staff, employees and agents of Pennhurst State
School & Hospital, each individual Defendant sued
Individually and in his or her official capacity, George
Metzger, Joseph Catania, and Roger Bowers, Commissioners for
Bucks County, Robert Strebl, Earl Baker, and Leo McDermott,
Commissioners for Chester County, Faith R. Whittlesey,
Charles Keeler, and William Spingler, Commissioners for
Delaware County, A. Russell Parkhouse, Frank W. Jenkins and
Lawrence H. Curry, Commissioners for Montgomery County,
Mayor Frank L. Rizzo and the City Council of Philadelphia,
as Authorities for Philadelphia County, Peter Bodenheimber,
Mental Health/Mental Retardation Administration for Bucks
County, William A. McKendry, Mental Health/Mental
Retardation Administrator for Chester County, P. Paul
Burrichter, Mental Health/Mental Retardation Administrator
for Delaware County, Hermann A. Roether, Mental
Health/Mental Retardation Administrator for Montgomery
County, and Leon Soffer, Mental Health/Mental Retardation
Administrator for Philadelphia County.
Applicants for Intervention, the Pennhurst Parents-Staff
Association, Appellants.
 No. 78-1999.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 9, 1979.
Submitted en banc pursuant to Third Circuit Rule 12(6) Sept.
6, 1979.
Decided Dec. 13, 1979.
 
 Stephen A. Sheller (argued), Bruce M. Ludwig, Philadelphia, Pa., for appellants.
 Norman J. Watkins (argued), Deputy Atty. Gen., Robert B. Hoffman, Deputy Atty. Gen., Gerald Gornish, Acting Atty. Gen., Pa. Department of Justice, Harrisburg, Pa., for Commonwealth appellees.
 Robert N. DeLuca, U. S. Atty., Philadelphia, Pa., Drew S. Days, III (argued), Asst. Atty. Gen., Arthur E. Peabody, Jr., Frank D. Allen, Jr., Atty., Dept. of Justice, Washington, D.C., Attorneys for appellee, the United States.
 David Ferleger (argued), Philadelphia, Pa., for Halderman appellees.
 Thomas M. Kittredge (argued), Morgan, Lewis & Bockius, Philadelphia, Pa., for the Suburban County appellees, defendants, Metzger, et al.
 Thomas K. Gilhool (argued), Frank J. Laski, Edward A. Stutman Public Interest Law Center of Philadelphia, Philadelphia, Pa., for appellees, Pennsylvania Ass'n for Retarded Citizens, et al.
 Pamela P. Cohen, Swenson & Cohen, Philadelphia, Pa., for Pennhurst Parents-Staff Assn.
 Argued Jan. 9, 1979.
 Before SEITZ, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.
 Submitted En Banc Pursuant to Rule 12(6)
 Sept. 6, 1979.
 Before SEITZ, Chief Judge, and ALDISERT, GIBBONS, ROSENN, HUNTER, WEIS, GARTH, HIGGINBOTHAM and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 
 
 1
 In this companion case to Halderman, et al. v. Pennhurst State School and Hospital, et al., D.C., 612 F.2d 84, Nos. 78-1490, 78-1564, 78-1602, the Pennhurst Parents-Staff Association, et al. appeal from an order denying their motion to intervene. The class action in which they sought intervention concerns the conditions that the mentally retarded have been subjected to at Pennhurst State School and Hospital and is described in detail in the opinion disposing of those appeals. The plaintiff class in that action included all retarded persons who, as of May 30, 1974, and at any time subsequent, have been or may become residents of Pennhurst. The court, on December 23, 1977, made findings of fact and conclusions of law generally favoring the relief sought by the original and intervening plaintiffs. After proceedings addressed to the scope of relief, the court, on March 17, 1978, entered a comprehensive injunction requiring the ultimate phasing out of Pennhurst and the substitution of community living facilities for the benefit of the plaintiff class. No motion to intervene was made before the entry of the March 17, 1978 judgment. On April 11, 1978, the Philadelphia County defendants filed a notice of appeal, and on April 13, 1978, the Commonwealth defendants did likewise. The appellants' motion for intervention was filed in the district court on April 13, 1978.
 
 
 2
 The district court ruled on that motion in an opinion holding that since the motion was filed after a notice of appeal had been filed, only the court of appeals had jurisdiction. The court also indicated, however, that had the motion been filed prior to April 11, 1978, it would probably have been denied as untimely. When the motion was made, the action had been pending for over four years, a nine week trial on the merits had ended over a year before, the opinion on the merits was filed six months before, and a final judgment had been entered almost a month before. The applicants for intervention included among their grounds for intervention their desire to file a Rule 59 motion, Fed.R.Civ.P. 59, but the trial court noted that the time for making such a motion had expired. They also expressed a desire to file a Rule 60(b) motion, Fed.R.Civ.P. 60(b), but set forth no facts which would justify Rule 60(b) relief. Finally, the applicants for intervention expressed a desire to intervene in order to participate in the appeals from the March 17, 1978 order. The district court considered post-judgment intervention for that purpose to be a matter solely within the jurisdiction of this court. On June 21, 1978, an order was entered dismissing the motion to intervene. This appeal followed. We affirm.
 
 
 3
 Both Rules 24(a) and 24(b), Fed.R.Civ.P. 24(a), 24(b), require "timely" application for intervention. A refusal to permit intervention for reasons of timeliness is reviewed by an appellate court only for abuse of discretion. Commonwealth of Pa. v. Rizzo, 530 F.2d 501, 506 (3d Cir.) (quoting NAACP v. New York, 413 U.S. 345, 365-66, 93 S.Ct. 2591, 37 L.Ed.2d 648 (1973)), Cert. denied, 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976). Certainly, an effort to intervene after a judgment has become final and after the time for making a Rule 59 motion has expired, presents an extreme example of untimeliness, at least when, as here, the applicants for intervention seek, Inter alia, a reopening of the record. The Supreme Court has recognized, however, that where the purpose of a motion to intervene is to obtain appellate review of a district court order determining the status of a class, the motion may be considered timely if filed within the time limit for filing a notice of appeal prescribed by Rule 4(a), Fed.R.App.P. 4(a). United Airlines, Inc. v. McDonald, 432 U.S. 385, 392, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977). Moreover, in approving the opinion in American Brake Shoe & Foundry Co. v. Interborough R. T. Co., 3 F.R.D. 162 (S.D.N.Y.1942), the McDonald court tacitly rejected the district court's view that once a notice of appeal had been filed the court lost authority to consider the motion to intervene. 432 U.S. at 395 n.16, 97 S.Ct. 2464. Thus the trial court should have considered the merits of the motion to intervene for the purpose of appealing.
 
 
 4
 Nevertheless, we affirm the dismissal of that motion because in this case the error in declining to rule on it was harmless. When the court ruled, it was clear that both the County and Commonwealth defendants were appealing. The positions that they ultimately took in their appeals adequately represented the interests of the applicants a putative defendant class consisting of Pennsylvania citizens opposed to the relief ordered in the judgment. The County and Commonwealth defendants argued vigorously against the relief ordered in the judgment, including the eventual closing of Pennhurst. Moreover, we granted applicants leave in Nos. 78-1490, 78-1564 and 78-1602, 612 F.2d 84, to file a brief amicus curiae, and addressed in our opinion disposing of those appeals, objections to the class certification identical to those of these applicants for intervention. In addition, as the district court observed in denying their motion to intervene, applicants will have ample opportunity to present to the Special Master their particular views on the appropriate relief. Thus, no prejudice to applicants' interest has been shown to have occurred by the denial of their motion to intervene in order to appeal.
 
 
 5
 In our September 6, 1978 order, which granted the applicants for intervention leave to file a brief amicus curiae, we denied their motion to intervene in this court. That denial is without prejudice to any motion that they may want to make to intervene for the purpose of petitioning to the United States Supreme Court for a writ of certiorari if they fear that the appellants in the main Pennhurst case will decide not to pursue such a remedy. At this time we express no view as to the merits of such a motion.
 
 
 6
 The order of the district court dismissing the motion to intervene will be affirmed.