**CHEYENNE–ARAPAHO TRIBES OF INDIANS OF OKLAHOMA, et al.**

v.

**The UNITED STATES.**

Nos. 342–70, 343–70.

United States Claims Court.

Jan. 12, 1983.

See also, Ct.Cl., 671 F.2d 1305, 1 Cl.Ct. 290.

Patricia L. Brown, Washington, D.C., for Hoopa Valley Tribe.

Harold C. Faulkner, San Francisco, Cal., for proposed intervenor.

Robert E. Fraley, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, for defendant.

OPINION

LYDON, Judge:

On November 4, 1982, a motion to intervene, under USCC Rule 24(a), was filed by seven individuals on their own behalf and on behalf of all other Indians of the Hoopa Valley Reservation who are plaintiffs in *Short v. United States*, 202 Ct.Cl. 870, 486 F.2d 561 (1973), *cert. denied,* 416 U.S. 961, 94 S.Ct. 1981, 40 L.Ed.2d 313 (1974). *See Hoopa Valley Tribe v. United States*, 219 Ct.Cl. 492, 596 F.2d 435 (1979) and *Short v. United States,* Defendant and *Hoopa Valley Tribe of Indians,* Defendant-Intervenor, Ct.Cl. No. 102–63, decided September 23, 1981.[1]

1. Accompanying the motion to intervene were the following motions: (1) Motion For Permission to Represent Other Indians of the Hoopa Valley Reservation as an identifiable group of

The catalyst for the motion to intervene is a decision by the United States Court of Claims, rendered on February 10, 1982, in these cases wherein a judgment was entered in favor of the Hoopa Valley Tribe for $669,150.51. The purpose of movants' motion, and related papers, is to set aside the judgment of February 10, 1982, and secure from this court a new judgment of $669,150.51 which they request be entered "on behalf of all Indians of the Hoopa Valley Reservation." In essence, movants seek to alter, modify or change the Court of Claims' decision of February 10, 1982.

RUSCC 24(a) provides in pertinent part:

Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

This rule is identical to F.R.C.P. 24(a). Therefore cases applying and interpreting F.R.C.P. 24(a) are pertinent and helpful.

■ It is to be noted that first and foremost a motion to intervene under Rule 24(a) must be "timely." The question of timeliness is largely committed to the discretion of the trial court. *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). Absent unusual and compelling circumstances, a motion to intervene under Rule 24 is untimely where, as here, litigation has been concluded and judgment entered. *Firebird Society, Inc. v. New Haven Bd. of Fire Comm'rs.*, 66 F.R.D. 457 (D.C.Conn.1975), aff'd, 515 F.2d 504 (2nd Cir., 1975), cert. denied, 423 U.S. 867, 96 S.Ct. 128, 46 L.Ed.2d 96 (1975); *Halderman v. Pennhurst State School & Hospital*, 612 F.2d 131, 134 (3d Cir.1979). As noted,

in pertinent part, in *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1120 (8th Cir. 1977):

[T]here is considerable. reluctance on the part of courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard and are denied.

■ Movants claim that they were unaware until after judgment was entered in this case that the possibility existed that they would not be allowed to share in the judgment funds. However, movants impliedly concede they were aware of claims being litigated by the Hoopa Valley Tribe in these cases. Movants do not contest the merits of the settlement itself, but rather contest the right of the Hoopa Valley Tribe to be the sole recipient of the distribution of the judgment proceeds. Since movants were aware, or should have been aware, of the pendency of the Hoopa Valley Tribe's claim in these cases, they should have, and could have, intervened long before judgment was entered in these cases in order to protect whatever interest they might have in any prospective judgment that might be entered.

The claim of the Hoopa Valley Tribe in these cases was filed in the Court of Claims on October 8, 1970, over 12 years ago. A liability decision was rendered in favor of the Hoopa Valley Tribe on March 19, 1975, *Cheyenne-Arapaho Tribes of Indians of Oklahoma v. U.S.*, 206 Ct.Cl. 340, 512 F.2d 1390 (1975). The materials before the court indicate that the movants herein and/or the plaintiffs in *Jessie Short v. United States*, Ct.Cl. No. 102–63, whom the movants seek to represent herein, were aware of this decision and its significance. Yet, they did not seek to intervene in these cases at that time or at any reasonable time thereafter. Dur-

Indians; (2) Motion For Relief From Judgment Of February 10, 1982, in favor of the Hoopa Valley Tribe, and (3) Motion For Stay of Execution and of Judgment and of administrative proceedings to develop judgment distribution plan. These motions were not filed with the

court pending action on the threshold motion to intervene. Because it is concluded herein that the motion to intervene must be denied, it is not necessary to docket and act on these motions.

ing this entire period of time, movants and other Indians of the Hoopa Valley Reservation, so-called Yurok Indians, were litigating their right to share in the proceeds of Reservation timber sold by the Hoopa Valley Tribe in *Jessie Short v. United States,* Ct.Cl. No. 102–63. The petition in *Jessie Short* was filed in the Court of Claims on March 27, 1963. In that case, the Yurok Indians asserted their right and interest in Reservation moneys received by the Hoopa Valley Tribe.[2] Accordingly, the conflict between the Hoopa Valley Tribe and the Yurok Indians, movants and other Indians who seek to intervene herein, over Reservation moneys and proceeds was well established and well known as far back as 1963. Since the claims of the Hoopa Valley Tribe in this case were filed in 1970, it is not unreasonable to conclude that movants, at the very least, should have been aware of the Tribe's claims for mismanagement of funds and the possible interest of Yurok Indians to participation in the distribution of any judgment funds that might result from such a lawsuit sometime after 1970. Since the *Jessie Short* litigation established the Hoopa Valley Tribe's refusal to recognize the Yurok's interest in moneys generated by Reservation activities, movants and other Yuroks should have known that intervention to protect their interests was required in these cases. It is not unreasonable to conclude that movants should have intervened within a reasonable period of time after the Court of Claims held in its March 19, 1975, decision in these cases, and related cases, that the Hoopa Valley Tribe, and other Indian tribes, were entitled to recover moneys from the government for mismanagement

of tribal funds. Movants and other Yurok Indians on whose behalf movants plead were aware of this decision and should have intervened in 1975 or 1976 since it was obvious to them, or should have been, that the Hoopa Valley Tribe considered the tribal funds mismanaged to be their sole property.[3] Movants here have failed to meet the exacting standard required to permit intervention after judgment has been entered. *See McClain v. Wagner Elec. Corp., supra.*

Quite apart from the stringent standard for permitting intervention after a judgment has been entered, movants have failed, in any event, to persuade that they have met the timeliness requirement of Rule 24(a). *See Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox,* 669 F.2d 703, 707 (U.S.Cust. & Pat.App.1982).

Generally, three factors are weighed in making timeliness determinations under Rule 24(a). These factors were set forth in *Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox, supra,* 669 F.2d at 707 as follows:

(1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene;

(2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention.

(3) existence of unusual circumstances militating either for or against a determination that the application is timely.

---

2. It is interesting to note that the Hoopa Valley Tribe, on motion filed before judgment, was allowed to intervene in that case. *See Jessie Short v. United States,* 202 Ct.Cl. 870, 873, 486 F.2d 561 (1973).

3. Movants seek to absolve themselves of any responsibility in this regard by arguing that the Hoopa Valley Tribe had a fiduciary duty to bring movants into these cases. Given the history of the adversarial relationship between the Hoopa Valley Tribe and the Yurok Indians, movants herein, over Reservation monies, it is difficult to accept movants' contention that until recently they believed that the Tribe was

acting in a fiduciary or representative capacity on their behalf. Movants could have and should have intervened in these cases long before the parties engaged in any settlement negotiations. Had they done so they could easily have asserted their alleged interest in the matter, and thus have avoided the present state of affairs. Movants "waited comfortably in the shade while another does battle for his rights." Movants now want to leave their "cool retreat to share in the bounty." *Reynolds Metals Co. v. United States,* 194 Ct.Cl. 309, 316, 438 F.2d 983, 987 (1971). Movants fail to persuade they should be allowed to do so.

First, given the inordinate length of time that elapsed from the time movants first knew, or reasonably should have known of their right to intervene (March 1975) and the time the movants actually applied for intervention (November 26, 1982), the balance with respect to this first factor weighs heavily against movants.

Second, the prejudice to the rights of the existing parties by allowing intervention substantially outweighs the prejudice, if any, to the movants by denying intervention. Intervention by movants would, in effect, set aside a final judgment resulting from a settlement agreement between the Hoopa Valley Tribe and the government which was the culmination of 12 years of protracted litigation. Further, since the interest which movants assert is not clearly established beyond cavil, intervention would most probably necessitate reopening of proceedings to determine the viability of said interest thereby putting plaintiff and the government back in litigation. In contrast, the prejudice to the movants by denying intervention, which is the sole result of movants' sitting on their rights, is slight, if indeed, existent. While the movants may face the prospect of being excluded from the distribution of judgment funds, they have made no showing that other future avenues of relief, either in Congress, or against the Tribe or others are totally unavailable.[4] On balance, the prejudice to the existing parties outweighs any prejudice movants may experience.

Finally, based on all the circumstances in this case, it is concluded that there are no "unusual circumstances" present in this case compelling a determination that the application is timely. *Sumitomo Metal In-*

dustries, Ltd. v. Babcock & Wilcox, supra,* 669 F.2d at 709. Considering the extraordinarily long time during which movants chose not to intervene, the substantial prejudice to the existing parties if movants were permitted to intervene, and the fact that a final judgment has been entered, the circumstances of this case clearly compel a ruling that intervention be denied.

Upon consideration of all the circumstances and the rather detailed submissions of the movants and the parties, IT IS ORDERED that movants' motion to intervene is denied. *See NAACP v. New York, supra,* 413 U.S. at 366, 93 S.Ct. at 2603. The clerk is directed to return to the movants the undocketed motions, and complaint, *see* note 1, *supra,* which accompanied the intervention motion herein denied.

---

4. The matter of distribution of the judgment funds, which is the core of movants' concern, has not yet been finalized. The plan of distribution, it is the court's understanding, is presently before the Congress for appropriate action. Movants, it is understood, are seeking to have Congress include them in any plan of distribution. Failing in this, movants may still have recourse to an appropriate court to compel distribution "in accordance with applicable law." *See Cheyenne-Arapaho v. United States,* 229 Ct.Cl. ——, 671 F.2d 1305, 1310, n. 4 and text. Indeed, movants in their briefs advise

that should they be denied intervention herein, they will seek to include their claim to the distribution of the judgment funds here in issue as part of their damage claim in the pending case of *Jessie Short v. United States,* Ct.Cl. No. 102–63. It has been held that where relief is available elsewhere, intervention is inappropriate. *Meridian Homes Corp. v. Nicholas W. Prassas & Co.* 89 F.R.D. 552 (N.D.Ill.1981).

