**LITTLE ROCK SCHOOL DISTRICT,**
Appellee,

v.

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT NO. 1, et al., Appellees,**

and

**Katherine Knight, individually and as President of the Little Rock Classroom Teachers Association, et al., Appellants.**

No. 84–1686.

United States Court of Appeals,
Eighth Circuit.

Submitted July 3, 1984.

Decided July 6, 1984.

Richard W. Roachell, Cearley, Mitchell & Roachell, Little Rock, Ark., Robert H. Chanin, Gary L. Sasso, Bredhoff & Kaiser, Washington, D.C., for appellants.

Phil Neal, Friedman & Koven, Chicago, Ill., Alston Jennings, Wright, Lindsey & Jennings, Little Rock, Ark., for appellees.

Philip E. Kaplan, Kaplan, Brewer & Miller, P.A., John M. Bilheimer, Janet L. Pulliam, Heller, Walker & Torrence, Little Rock, Ark., for appellee Little Rock School Dist.

House, Wallace & Jewell, P.A., Little Rock, Ark., Philip K. Lyon, Larry C. Wallace, Stephen W. Jones, Joseph H. Purvis, Edward G. Adcock, North Little Rock, Ark., for appellee, North Little Rock School Dist.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

The Little Rock Classroom Teachers Association, The Pulaski Association of Classroom Teachers, The North Little Rock Classroom Teachers Association, and the Presidents of these organizations appeal from the District Court's denial of their motion for leave to intervene in the remedy phase of this case. A few words on the history of the lawsuit are appropriate to place the present issue in context.

This case was brought by the Little Rock School District against a number of defendants, including the two other school districts operating in Pulaski County, Arkansas, the Pulaski County Special School District No. 1 and the North Little Rock School District. In brief, the plaintiff contends that schools in Pulaski County, Arkansas, are not completely desegregated, and that the defendant school districts are partially responsible for this condition.

The principal request made in the complaint is that the three school districts be combined into one. The District Court has held that the defendants are liable for a presently unconstitutional condition in the schools of Pulaski County. It has set July 30, 1984, as the date for a hearing at which all parties will be allowed to present evidence on the appropriate remedy for this condition. Appellants seek to participate in this hearing.

The appellant teachers' organizations represent the classroom teachers employed by the three school districts. Although school districts in Arkansas are not compelled by state law to bargain collectively with representatives of their employees, each of the districts in Pulaski County has agreed to recognize one of the appellant organizations as the representative of its teachers. Bargaining has taken place, and there are presently in existence contracts governing, in part, the salaries, hours, and terms and conditions of employment of the teachers in the respective school districts.

Appellants first began their efforts to intervene on August 18, 1983. Their motion, filed on that day, was denied by the District Court on September 29, 1983. An appeal was taken to this Court. On December 29, 1983, we affirmed. We said:

This action is without prejudice to the right of appellants to renew their motion if and when the District Court determines that defendants are liable. The District Court has indicated that it intends informally to bifurcate the proceedings into a liability stage, and, if necessary, a remedy stage. The interests that appellants seek to protect relate to the remedy stage. If the District Court decides that there is liability, it should then consider whether to permit appellants to participate in the remedy stage of the case.

*Little Rock School District v. Pulaski County Special School District No. 1*, 725 F.2d 690 (8th Cir.1983).

Thereafter, on April 13, 1984, the District Court filed its opinion holding defendants

liable for the allegedly unconstitutional condition. *Little Rock School District v. Pulaski County Special School District No. 1*, 584 F.Supp. 328 (E.D.Ark.1984). Eleven days later, on April 24, 1984, appellants renewed their motion for leave to intervene, claiming entitlement to intervention as of right under Fed.R.Civ.P. 24(a)(2). The next day, April 25, 1984, the District Court denied the renewed motion. It said:

The applicants for intervention do not possess interests in this action that will be impaired by the formulation or adoption of attendance zones for [a] consolidated school district.... Their rights will ultimately be the subject of bargaining between their representatives and the consolidated school district. The Court's remedial hearing ... will not impair the ability of the teachers to negotiate in the future. Their motion to intervene is denied.

This appeal followed. Three other parties have filed briefs: the plaintiff Little Rock School District, the defendant North Little Rock School District, and the defendant Pulaski County Special School District No. 1. None of these appellees opposes the motion for leave to intervene.

We reverse. We respectfully disagree with the District Court's assessment of the motion for leave to intervene. Under Fed. R.Civ.P. 24(a)(2), a timely motion for leave to intervene "shall" be granted "when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." We believe that the criteria of the rule have been met in this case.

As representatives of the classroom teachers in the three districts, appellants have an interest in the existing agreements, which they themselves have negotiated with the districts involved, and in the continued viability of these agreements. One of the remedies being considered by the District Court is consolidation, the effect of which would be to terminate the independent existence of the three school districts presently functioning in Pulaski County and substitute in their place a new, single, consolidated district. Those who have a contract with existing entities have an interest in the continued existence of those entities. It may be true that the successor school district (assuming consolidation is ultimately ordered) will choose to bargain collectively with the appellant organizations, but there can be no assurance of that fact. In addition, even if a successor district does agree to bargain collectively with appellants, there is no assurance that whatever contract will then be agreed on will be as favorable to appellants' members as the present agreements are. In this situation, we think appellants qualify for intervention as of right. The rule does not require, after all, that appellants demonstrate to a certainty that their interests *will* be impaired in the ongoing action. It requires only that they show that the disposition of the action *"may* as a practical matter" impair their interests. We are satisfied that this demonstration has been fully made.

The rule also requires that the motion for leave to intervene be timely, and that no existing party be an adequate representative of the interests intervenors seek to assert. Both of these requirements are met. The motion for leave to intervene was made promptly, and at the time contemplated by our order of December 29, 1983, in the previous appeal. The three school districts which are the principal existing parties are employers. They can hardly be expected to litigate with the interests of their employees uppermost in their minds. The burden resting on intervenors to show that their interests are not adequately represented by existing parties is a "minimal" one, *Securities & Exchange Comm'n v. Flight Transportation Corp.*, 699 F.2d 943, 948 (8th Cir.1983), citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972). This burden has been more than met here.

The judgment is reversed, and the cause remanded to the District Court with instructions to grant the appellants' motion for leave to intervene as parties in the remedy phase of this case. Their intervention shall be for the purpose of litigating the issues raised in their complaint, the protection of their existing contractual rights and their right to bargain collectively. The granting of this motion for leave to intervene need not result in any postponement of the continuation of the trial, now set for July 30, 1984. Intervenors, in other words, must take the lawsuit as they find it. Indeed, we do not understand them to contend otherwise. Their brief does not request any postponement in the previously set trial date.

Reversed and remanded with instructions.