**ARKANSAS ELECTRIC ENERGY CON-SUMERS and Reynolds Metals Company, Appellants,**

v.

**MIDDLE SOUTH ENERGY, INC., Appellee.**

**Arkansas Power & Light Company, Appellee-Intervenor.**

No. 84–2356.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1985.

Decided Aug. 23, 1985.

**402**

Vincent Foster, Jr., Little Rock, Ark., for appellants.

Jerry D. Jackson and Michael Thompson, Little Rock, Ark., for appellee.

Mary P. Stallcup, Little Rock, Ark., for Atty. Gen. of Ark., for appellee-intervenor.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and MEREDITH,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Arkansas Electric Energy Consumers (AEEC) and Reynolds Metals Company appeal from an order of the district court[1] denying their motion to intervene in *Middle South Energy v. Arkansas Public Service Commission,* 772 F.2d 404 (8th Cir.1985), a companion case we are deciding today. The district court found the intervention motion was untimely, and appellants argue that this was an abuse of discretion. We are not convinced that the district court abused its discretion, but if any error was committed in denying intervention, it was harmless.

The facts underlying this appeal are discussed in the companion case, *Middle South Energy v. Arkansas Public Service Commission,* at 406–409. The suit below unfolded in rapid fashion. At 4:00 on the afternoon of August 31, 1984, the Friday before the Labor Day weekend, Middle South Energy filed with the district court a complaint seeking to restrain certain actions of the Arkansas Public Service Com-

mission. The APSC had ordered that Arkansas Power & Light Company appear and show cause why certain agreements between it and Middle South Energy should not be voided. The case was set for a hearing on September 7.

Arkansas Power & Light Company, a party to the action before the APSC, filed a motion on September 5 to intervene before the district court. The motion was granted the following day, when the Arkansas Attorney General and a consumer group, Ratepayers Fight Back, also filed motions to intervene. That same day, the APSC filed a motion to consolidate the injunction hearing with trial on the merits.

A hearing was held on September 7. Initially, the outstanding motions to intervene were granted, and all parties agreed to consolidation of the injunction hearings and trial on the merits. Voluminous exhibits were introduced, and Middle South presented one witness. At the conclusion of the hearing, the district court granted an order temporarily restraining the APSC until September 14, when the court was to make the injunction permanent or dissolve it. The parties were given until noon on September 12 to file additional briefs.

On the day these briefs were due, AEEC and Reynolds filed a motion to intervene, pledging to "take the litigation as they [found] it." R. 190. On September 13 the district court declined to allow intervention. The court found that the motion was untimely and that the proposed intervenors' interests were adequately represented by those already parties to the litigation. AEEC and Reynolds responded by filing a motion for leave to file a brief as amicus curiae, with the brief appended to the motion.

On September 14, the court granted the amicus motion. Later that day, judgment was entered granting permanent relief to MSE and AP & L. After denial of a mo-

---

* The HONORABLE JAMES H. MEREDITH, Senior United States District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

tion to amend the judgment, the original defendant and defendant-intervenors took an appeal on the merits. AEEC and Reynolds appealed the denial of their motion to intervene and filed an amicus brief in the appeal on the merits.

█ In determining whether intervention should be allowed, either as a matter of right or permission, the threshold question is whether a timely application has been filed. Fed.R.Civ.P. 24. The decision as to timeliness is committed to the district court's discretion. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973). Although the issue is determined from all the circumstances, *id.* at 366, 93 S.Ct. at 2603, three factors receive particular attention: "how far the proceedings have gone when the movant seeks to intervene, prejudice which resultant delay might cause to other parties, and the reason for the delay." *Nevilles v. Equal Employment Opportunity Commission*, 511 F.2d 303, 305 (8th Cir. 1975) (citations omitted); *see McClain v. Wagner Electric Corp.*, 550 F.2d 1115, 1120 (8th Cir.1977).

First we consider the status of the proceedings at the time intervention was sought. Appellants correctly point out that their petition was filed quickly in relation to the complaint, for only twelve days had passed between the commencement of the lawsuit and the filing of the intervention motion. Nevertheless, because of the expedited nature of the proceedings, a substantial amount of the litigation had been completed during these twelve days. A hearing had been held and a temporary restraining order issued. Although the court had deferred entry of permanent relief pending receipt of objections by the parties, prior to the intervention motion it had stated that "in all probability" the injunction would be made permanent. Hearing on Temporary Restraining Order at 70 (Sept. 7, 1984). While these facts support denial of intervention, they are not conclusive, for intervention has been allowed even after judgment has been entered. *See, e.g., Liddell v. Caldwell*, 546 F.2d 768

(8th Cir.1976), *cert. denied*, 433 U.S. 914, 97 S.Ct. 2987, 53 L.Ed.2d 1100 (1977).

█ The next question is whether allowing belated intervention would have prejudiced the opposing parties. The district court made no findings on this point. Appellants argue that their intervention would have not resulted in prejudice, particularly in light of their willingness to take the proceedings as they found them. They also argue that there was no need for expediting trial because the APSC had postponed hearings on the show cause order until October 8th. Appellees make no specific allegations of prejudice. There was evidence, however, that MSE's status in the investment community was diminished by the mere pendency of the show-cause order. The district court findings may well have sustained injunctive relief directed toward APSC's actions short of actually holding the hearings. Certainly, with the serious claims pressed by the plaintiffs, the substantial public interest involved, and the willingness of the parties to proceed directly to a hearing on the merits, the accelerated disposition of the MSE suit was warranted.

The final factor to be analyzed is the reason for the delay in seeking intervention. The complaint was filed immediately before the Labor Day weekend. Nevertheless, AP & L, the Attorney General, and Ratepayers managed to file their intervention motions by September 6, the following Thursday. Appellants, however, delayed their motion until September 12, the Wednesday of the following week. They claim that their decision was delayed by the necessity of securing proper client authorizations. AEEC, a confederation of industrial power users, allegedly was hampered by the need to obtain consents from the fifteen members who joined the intervention. Reynolds claims that it needed the extra time to bridge the gap between its corporate headquarters in Richmond, Virginia and its Arkansas division. AEEC's excuse is plausible, yet not overly convincing in terms of justifying nearly a week's delay. Reynolds' purported justification is

incredulous. It is also significant that AEEC and Reynolds had been considering intervention in the APSC proceedings and filed such a notice with the APSC on September 7, 1984.

 Rule 24 is to be liberally construed, *Kozak v. Wells*, 278 F.2d 104, 111–12 (8th Cir.1960), and doubts should be resolved in favor of allowing intervention, *Corby Recreation, Inc. v. General Electric Co.*, 581 F.2d 175, 177 (8th Cir.1978). At the same time, a district court's exercise of discretion under the rule should not lightly be overturned. We are not convinced that the district court abused its discretion in denying intervention. While we could base our decision solely on this ground, it is not necessary that we do so.

■ A reviewing court has the duty to determine whether errors alleged are harmless. *McDonough Power Equipment v. Greenwood*, 464 U.S. 548, 104 S.Ct. 845, 848–49, 78 L.Ed.2d 663 (1985). This duty applies to decisions concerning intervention. *See Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 531 n. 1 (9th Cir.1983) (Wallace, J., dissenting); *Halderman v. Pennhurst State School & Hospital*, 612 F.2d 131, 134 (3d Cir.1979); *see also In re Grand Jury Proceedings*, 708 F.2d 1571, 1575 (11th Cir.1983) (error in denying motion to intervene before grand jury found harmless). Under the circumstances, any alleged error by the district court is harmless. Because appellants were bound to take the litigation as they found it, *Little Rock School District v. Pulaski County Special School District No. 1*, 738 F.2d 82, 85 (8th Cir.1984), their role as intervenors would have been limited to filing briefs after the temporary injunction had issued. They were allowed to file briefs as amicus before the district court and before this court. Although there are distinctions between parties and amici, *United States v. Oregon*, 745 F.2d 550, 553 (9th Cir.1984), the practical differences in this case were not significant. Appellants had ample opportunity to challenge the district court's

conclusions, both at trial and on appeal.[2] The denial of their motion to intervene was, therefore, harmless error. *See Washington State Building & Construction Trades Council v. Spellman*, 684 F.2d 627, 629–30 (9th Cir.1982), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *Halderman v. Pennhurst State School & Hospital*, 612 F.2d at 134; *cf. In re Grand Jury Proceedings*, 708 F.2d at 1575 (denial of intervention found harmless where appellate court considered claim as if district court had allowed intervention); *Dana v. Securities & Exchange Commission*, 125 F.2d 542, 543 (2d Cir.1942) (per curiam) (order denying intervention would not be disturbed on appeal where those seeking intervention enjoyed "every substantial privilege" that formal intervention would have given).

---

2. It is significant, too, that our holding on the merits is based on the commerce clause, an issue not raised by appellants in either of their amicus briefs.