**BELTON INDUSTRIES, INC., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

and

**Government of Columbia, Royal Thai Government, Defendant–Intervenors.**

No. 90–09–00474.

United States Court of International Trade.

July 7, 1992.

---

Wilmer, Cutler, & Pickering, Ronald I. Meltzer, Washington, D.C., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C. (Vanessa P. Sciarra, and John Mahon, on the motion), for defendant.

Willkie, Farr & Gallagher, Daniel L. Porter, Washington, D.C., for defendant-intervenor Royal Thai Government.

Mudge, Rose, Guthrie, Alexander & Ferdon, Michael P. Daniels, and Gregory J. Spak, Washington, D.C., for defendant-intervenor Government of Columbia and proposed defendant-intervenor Government of Sri Lanka.

Prather Seeger, Doolittle & Farmer, Gary M. Welsh, Washington, D.C., for proposed defendant-intervenor Government of Peru.

## MEMORANDUM OPINION

CARMAN, Judge:

This case was originally decided on the merits on March 24, 1992, Slip Op. 92–39, and a final judgment order was issued on May 7, 1992, Slip Op. 92–64.

On June 30, 1992, pursuant to USCIT Rule 7(e), the Government of Sri Lanka brought an order to show cause why the Court should not grant its motion to intervene post-judgment as of right; on July 1, 1992, the Government of Peru brought an order to show cause also seeking to intervene post-judgment as of right (the Governments of Sri Lanka and Peru will be collectively referred to as "proposed intervenors"). *See* USCIT Rule 24(a)(1) & (2). Proposed intervenor Peru's sole stated purpose for its motion to intervene was to file a Notice of Appeal of this Court's final judgment in this action, *Belton Indus., Inc. v. United States*, Slip Op. 92–64, 1992 WL 101053 (May 7, 1992). Proposed intervenor Sri Lanka stated that its motion for intervention was either for the purpose of appeal or for the purpose of filing a motion for relief from the judgment under USCIT Rule 60(b). Both proposed intervenors argued that because the Defendant United States considered it unlikely that it would file a Notice of Appeal, proposed intervenors believed their interests were no longer adequately represented. *See* USCIT Rule 24(a)(2).[1]

The Court signed the respective orders to show cause on July 1, 1992, and the matters were heard on July 2, 1992. Partici-pating at the hearing were counsel for the Royal Thai Government, the Governments of Columbia and Sri Lanka, the Government of Peru, Plaintiff Belton, and Defendant United States. While the United States and the Government of Columbia took no position regarding the motions to intervene, the Royal Thai Government and Plaintiff Belton expressed opposition to the motions.

This Court denied proposed defendant-intervenors' motions to intervene in open court on July 2, 1992, as well as all other motions filed in connection therewith. This slip opinion reflects those rulings.

### Background

On March 24, 1992 this Court granted Plaintiff Belton's Rule 56.1 motion for judgment upon the agency record, holding that the United States Department of Commerce ("Commerce") failed to provide proper written notice to the petitioners (domestic interested parties) prior to revoking certain countervailing duty orders and terminating certain suspended investigations concerning textile products and apparel from Argentina, Columbia, Peru, Sri Lanka, and Thailand, as required by 19 C.F.R. § 355.24(d)(4) (1990).[2] *See* Slip Op. 92–39 at 13. The Court also found that even if it could be successfully argued that Commerce provided proper notice to the petitioners in some instances, nevertheless, Commerce should have accepted petitioners' objection letters as timely. *Id.* at 13–14. The Court remanded the proceedings to Commerce with the direction to rescind the revocation and termination orders and report such action to the Court within 30 days. *Id.* at 17.

---

1. The record reflects that on July 6, 1992, Defendant United States filed a Notice of Appeal. That action took place subsequent to the hearing and this Court's ruling dated July 2, 1992, and therefore has no bearing on the Court's findings.

2. The revocation and termination orders that are the subject of this action are *Certain Textile Mill Products from Argentina; Revocation of Countervailing Duty Order*, 55 Fed.Reg. 32,940 (1990); *Certain Textile Mill Products and Appar-el from Columbia; Termination of Suspended Countervailing Duty Investigations*, 55 Fed.Reg. 32,940 (1990); *Certain Textile Mill Products and Apparel from Peru; Revocation of Countervailing Duty Orders*, 55 Fed.Reg. 32,941 (1990); *Certain Textile Mill Products and Apparel from Sri Lanka; Revocation of Countervailing Duty Orders*, 55 Fed.Reg. 32,942 (1990); and *Certain Textile Mill Products from Thailand; Termination of Suspended Countervailing Investigation (in Part)*, 55 Fed.Reg. 48,885 (1990).

On April 16, 1992, the Defendant filed a motion to clarify the Court's March 24, 1992 order accompanying Slip Op. 92–39. After all parties were given an opportunity to be heard and upon their application, this Court, in Slip Op. 92–64 (May 7, 1992), vacated its order accompanying Slip Op. 92–39 and ordered Commerce, without a remand, to rescind the revocation and termination orders that were the subject of this action and to "reinstate in full force the pre-existing countervailing duty orders and suspended investigations which were the subject of the revocation and termination orders." Slip Op. 92–64.

On June 26, 1992, Defendant–Intervenor Royal Thai Government filed a timely Notice of Appeal for the purposes of appealing this Court's May 7, 1992 final judgment and order. The Notice stated that the Royal Thai Government appeals only those aspects of the final judgment and order that concern Commerce's determination concerning Thailand. The time to appeal this Court's May 7, 1992 order expired on July 6, 1992. As of the return date of the order to show cause, July 2, 1992, no other party besides the Royal Thai Government had filed a Notice of Appeal.

### Jurisdiction and Post–Judgment Intervention

■ The first issue that the Court resolved was whether it retained jurisdiction to grant a post-judgment motion to intervene after a Notice of Appeal had been filed. Because of the facts of this case and the reasons set forth below, this Court declined to take jurisdiction.

Citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 n. 16, 97 S.Ct. 2464, 2470 n. 16, 53 L.Ed.2d 423 (1977) and *Halderman v. Pennhurst State School & Hospital*, 612 F.2d 131, 134 (3d Cir.1979), the proposed intervenors argued that the Royal Thai Government's filing of a Notice of Appeal, which is apparently directed

only to Commerce's determination concerning Thailand, does not end this Court's authority to consider motions to intervene by proposed intervenors Peru and Sri Lanka for the purpose of appealing Commerce's determinations affecting Peru and Sri Lanka, assuming that those Notices of Appeal are timely.[3]

Proposed intervenors read *Halderman* and *McDonald* far too broadly. The Court of Appeals for the Third Circuit in *Halderman* reviewed an order of the district court which denied a post-judgment motion to intervene that was filed after a Notice of Appeal had been filed by one of the defendants. The *Halderman* court recognized that intervention after a final judgment was "an extreme example of untimeliness." *Halderman*, 612 F.2d at 134. The *Halderman* court stated, however, that the Supreme Court in *McDonald* permitted a post-judgment motion to intervene that was filed for the purpose of obtaining appellate review of a district court order denying class certification:

> The Supreme Court has recognized, however, that where the purpose of a motion to intervene is to obtain appellate review of a district court order determining the status of a class, the motion may be considered timely if filed within the time limit for filing a notice of appeal.... [M]oreover, in approving the opinion in *American Brake Shoe & Foundry Co. v. Interborough R.T. Co.*, 3 F.R.D. 162 (S.D.N.Y.1942), the *McDonald* court tacitly rejected the district court's view that once a notice of appeal had been filed the court lost authority to consider the motion to intervene. 432 U.S. at 395 n. 16, 97 S.Ct. 2464 [at 2470 n. 16]. Thus the trial court should have considered the merits of the motion to intervene for the purposes of appealing.

*Halderman*, 612 F.2d at 134.[4] This Court notes that in the *American Brake Shoe*

---

**3.** Together with their orders to show cause and the motions to intervene, proposed intervenors filed motions for extensions of time to file a Notice of Appeal. Also, proposed intervenor Sri Lanka moved under Rule 60(b) for relief from

the judgment. These motions were denied by this Court as moot on July 2, 1992.

**4.** The *Halderman* court nevertheless affirmed the district court's dismissal of the motion to intervene as harmless error because the position the other appellants took in their appeals ade-

decision, cited above, although a Notice of Appeal was filed by another party, that appeal was *abandoned* prior to the motion to intervene by the proposed intervenor. *American Brake Shoe* 3 F.R.D. at 164; *See McDonald*, 432 U.S. at 395 n. 16, 97 S.Ct. at 2470 n. 16.

In any event, the instant case does not involve the particularities and complexities associated with certification in class action suits, such as those in *McDonald* and *Halderman. See, e.g., McDonald*, 432 U.S. at 388–90, 97 S.Ct. at 2467–68.

There is, on the other hand, authority which holds that a trial court is without jurisdiction to permit post-judgment intervention after an appeal has been taken, except in the aid of an appeal. In *Nicol v. Gulf Fleet Supply Vessels*, 743 F.2d 298, 299 (5th Cir.1984), the Fifth Circuit held that "[i]f an appeal is taken from a judgment which determines the entire action, the district court loses power to take any further action in the proceeding upon the filing of a timely and effective notice of appeal, except in aid of the appeal or to correct clerical errors under Rule 60(a)." *See also Thwaites Place Assoc. v. Secretary of the United States Dept. of Housing and Urban Development*, 112 F.R.D. 189, 190 (S.D.N.Y.1986); 3B Moore's Federal Practice ¶ 24.13 at 137, 141.

This Court's final judgment on May 7, 1992, disposed of the entire action, and the Royal Thai Government filed a Notice of Appeal—the only party in this action to do so. Upon the filing of a Notice of Appeal by a party, this Court's jurisdiction to consider matters concerning appeals from its final judgment becomes tenuous at best. In this Court's opinion, the case is now before the Court of Appeals and within its jurisdiction.

This Court indicated at the July 2 hearing that its denial of proposed intervenors' applications to intervene was made without prejudice to any further application that might be made to the Court of Appeals for the Federal Circuit for similar relief as seemed just and proper to the movants.

quately represented the interests of the pro-

*Motions to Intervene As of Right*

■ This Court ruled that even if it did have jurisdiction over the matter, it would deny the motions as untimely.

Proposed intervenors seek post-judgment intervention as of right under USCIT Rule 24(a)(1), alleging that they are "interested" parties within the meaning of 28 U.S.C. § 2631(j)(1) (1988), and that their applications to intervene for the purposes of filing an appeal are "timely". Alternatively, the proposed intervenors seek relief under Rule 24(a)(2), on the grounds that the United States, because it has apparently chosen not to appeal the final judgment, no longer adequately represents their interests as it allegedly did prior to the entry of judgment on May 7, 1992.

1. *Statutory Right to Intervene Necessary*

■ In order to intervene pursuant to Rule 24(a)(1), the movant must have a statutory right so to do. USCIT Rule 24(a)(1). In actions under section 516A of the Tariff Act of 1930, only movants who are "interested parties" within the meaning of 28 U.S.C. § 2631(j)(1)(B) (1988) may intervene in an action pending in this Court. Because the proposed intervenors are governments of countries in which the merchandise in the case is produced or manufactured and those governments participated in the proceedings below, the proposed intervenors are clearly interested parties. *See* 19 U.S.C. § 1677(9)(B) (1988); 19 C.F.R. § 355.2(1) (1991). However, while proposed intervenors were statutorily eligible for intervention, that statutory right had to be exercised in a timely manner. *See Sumitomo Metal Indus. v. Babcock & Wilcox Co.*, 69 CCPA 75, 82, 669 F.2d 703, 708 (1982).

2. *Factors Affecting Timeliness of Motions to Intervene*

■ It has been held that "post-judgment intervention is generally disfavored because it fosters delay and prejudice to existing parties." *Farmland Dairies v.*

posed intervenors. *Halderman,* 612 F.2d at 134.

*Comm'r*, 847 F.2d 1038, 1044 (2d Cir.1988) (citation omitted). However, applications for post-judgment intervention are not untimely per se. This Court has discretion in determining whether a motion to intervene post-judgment is timely. *See Sumitomo*, 69 CCPA at 81, 669 F.2d at 707 (quoting *NAACP v. New York*, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973)); *United States v. American Telephone and Telegraph Co.*, 642 F.2d 1285, 1295 (D.C.Cir.1980).

In *Sumitomo*, the Court of Customs and Patent Appeals (the predecessor to the Court of Appeals for the Federal Circuit) set forth the following factors to be weighed in determining the timeliness of such motions:

(1) the length of time during which the would-be intervenor actually knew or reasonably should have known of his right to intervene in the case before he applied to intervene;

(2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention;

(3) existence of unusual circumstances militating either for or against a determination that the application is timely.

*Sumitomo*, 69 CCPA at 81, 669 F.2d at 707 (footnotes omitted).

At the July 2 hearing upon the return of the orders to show cause and after reviewing all submissions and arguments of counsel on the motions to intervene, the Court made the following findings of fact and conclusions of law, as supplemented by this opinion.

1. The United States government as of the time of the hearing, July 2, 1992, had not decided if it would appeal the matter, stating that it would so decide by the last date it is eligible to do so, on July 6, 1992.

2. The proposed intervenors admit that they were aware of their statutory right to intervene since at least September 1990, when the action was commenced. More-over, they were involved administratively in the action from before that time. Although a decision was made in this case on the merits on March 24, 1992, proposed intervenors took no action towards intervention then or anytime afterwards until the instant motions were filed at this late date.

3. The Governments of Peru and Sri Lanka knew or should have known of the progress of the proceedings and how the United States and others were presenting the issues. The Court notes that with respect to Sri Lanka's Rule 60(b) motion concerning the affect of this Court's final judgment on apparel products, proposed intervenor was aware or should have been aware that the United States did not fully represent their interests after the United States did not brief this issue.[5]

4. Furthermore on May 7, 1992, upon the motion of the United States and upon application of all the parties, this Court vacated its March 24, 1992 order attached to Slip Op. 92–39 and entered a new order and final judgment which directed Commerce to rescind its revocation and termination orders without a remand. Proposed intervenors have represented that they were aware of the adverse May 7, 1992 final judgment, but nevertheless waited almost one month and until the last moment to request intervention. Additionally, Sri Lanka, which claims that the May 7th modified order adversely affected its rights beyond the original order, knew or should have known then that the United States was not pursuing their interests when the United States requested and agreed to the modified order.

The Court concluded that the applications to intervene were untimely because the proposed intervenors slept on their rights and were seeking to intervene post-judgment at the very last moment, even though they were aware of all the proceedings pertaining to the case as discussed above. They made an affirmative decision not be part of this action, instead relying

---

**5.** The Court notes that the apparel issue was briefly addressed in the Government of Columbia's response to Plaintiff's Rule 56.1 motion. Counsel for the Government of Peru has disavowed any interest in the relief sought in Sri Lanka's Rule 60(b) motion.

upon the United States to represent their interests. This was a calculated risk, and the consequences of that risk should be borne by the risk takers. The United States primary concern in litigation is to defend the interests of the United States, not those of other nations. *See Farmland Dairies*, 847 F.2d at 1044.

With respect to the balancing of prejudices, the Court found that the prejudice that would be felt by the existing parties to the action outweighed that which could occur to the proposed intervenors. While some courts have held that a trial court may have less discretion concerning motions to intervene that rest upon a statutory right, our appellate court has stated that

> We do not accept the proposition that a statutory right allows a potential party to sit by and, in the event of a choice of procedural tactics by the laboring party not to its liking, force the court to reconsider matters otherwise settled. Such a right may not be exercised in a fashion which encompasses 'Heads I win, tails you lose' tactics. We also do not agree with [the movant] that the courts should be particularly lenient in considering the timeliness of a request to intervene based on a statute. On the contrary, the quid pro quo for this right being unconditional is that it must be exercised promptly.

*Sumitomo*, 69 CCPA at 82, 669 F.2d at 708. The proposed intervenors filed their motions to intervene at the last moment, forcing the existing parties to scramble right before a national holiday and a few days before the time to appeal was to run. The Court held that the prejudice to the existing parties in the case of defending against two additional parties and the strong possibility that new issues will be raised on appeal, as exemplified in Sri Lanka's Rule 60(b) motion, outweighed the prejudice to the proposed intervenors who chose to rely on others for their rights up until the last moment. Further, the extra delay associated with the above could be significant.

According to the proposed intervenors, they would suffer prejudice in that the exporters of their respective countries would be once again subjected to countervailing duties. There is nothing prejudicial about the law being imposed as required by statute.

The Court also found no unusual or exigent circumstances present that would lean in favor of finding the motions to intervene timely filed in this case. On the contrary, the lateness of the motions and possible interjection of issues that could expand the scope of the appeal militated strongly against the motions of the proposed intervenors.

Finally, the Court found that the proposed intervenors, the Governments of Peru and Sri Lanka, are experienced players in the area of international trade. There is no reason why they could not have intervened in this action, having participated in the administrative proceedings below. *See Farmland Dairies*, 847 F.2d at 1044.

For the above reasons, the Court ordered on July 2, 1992 that the motions of the Governments of Sri Lanka and Peru to intervene post-judgment be denied without prejudice to the proposed intervenors to make application to the Court of Appeals for the Federal Circuit for similar relief. The Court further ordered that all other applications in connection with the motions to intervene, including proposed intervenors' motions to extend the time to file a Notice of Appeal and Sri Lanka's Rule 60(b) motion for relief from judgment, be denied.

The effective date of the findings set forth in this opinion is July 2, 1992, the date this Court ruled on the motions discussed herein.