Slip Op. 05-99

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| | x | |
| Dixon Ticonderoga Company, | : | |
| Plaintiff, | : | |
| | | **Court No. 04-00027** |
| v. | : | **Before: Judith M. Barzilay**, **Judge** |
| United States Customs and Border Protection | : | |
| and Robert C. Bonner, | : | |
| Defendants. | : | |
| | x | |

## <u>MEMORANDUM ORDER</u>

[Proposed Defendant-Intervenors' Motion to Intervene granted.]

Decided: August 19, 2005

*Gray Robinson, P.A.* (*A. Anthony Giovanoli*), *Guy S. Haggard* for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; *David M. Cohen*, Director; *(Jeanne E. Davidson)*, Deputy Director; (*David S. Silverbrand*), Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; *Charles Steuart*, Office of Chief Counsel, United States Customs & Border Protection, of counsel, for Defendant.

**BARZILAY, JUDGE**:

Proposed defendant-intervenors, Musgrave Pencil Company, RoseMoon Pencil Company and General Pencil Company (collectively "movants") seek leave to intervene as defendants in this case. Plaintiff Dixon Ticonderoga ("Dixon") opposes this motion and defendants, United States Customs and Border Protection and Robert C. Bonner (collectively "defendant") consent.

On April 4, 2005, this court issued Slip Opinion 05-46, holding that Customs' denial of Dixon's application for distributions under the Continued Dumping and Subsidy Offset Act of

2000 ("CDSOA") as untimely, was arbitrary and capricious.[1] The court then ordered the parties to confer with one another regarding a remedy to be entered at a later date. Also pending before this court is defendant's USCIT Rule 59 motion to reconsider its April 4, 2005 decision.

Movants argue that they have satisfied the requirements for intervention as of right, namely that they have asserted an interest in the subject matter of the primary litigation, that their interest is likely to be impaired by disposition of the suit, that their interest is not adequately represented by the existing parties to the suit, and that this application is timely filed. Plaintiff primarily disputes the timeliness of this motion.

USCIT Rule 24(a) governs intervention of right. It provides the following:

Upon timely application anyone shall be permitted to intervene in an action:
. . .
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

USCIT R. 24(a). Furthermore, the case law sets out the following four-factor test for intervention as of right. First, the application for intervention must assert an interest in the subject matter of the primary litigation; second, it must appear that the applicant's interest will be impaired by disposition of the suit; third, the applicant's interest must not be adequately represented by the existing parties to the suit; and finally, the application for intervention must be timely filed. *See, e.g. Edmonson v. Nebraska*, 383 F.2d 123 (8th Cir. 1967); *Nuesse v. Camp*, 385 F.2d 694 (D.C. Cir. 1967).

---

[1] Familiarity with this prior opinion is presumed.

It is clear that movants assert an interest in the subject matter of the underlying issue in this case, and that these interests may be impaired if intervention is not permitted. Movants are domestic pencil manufacturers that did receive CDSOA distributions for FY 2003. As movants argue, if this court were to enter judgment regarding a remedy which permits Customs to demand or collect funds from movants for the purpose of distributing Dixon's share, there exists a possibility that, pursuant to 19 C.F.R. § 159.64(b)(3), such funds would be drawn from distributions already received by movants for FY 2003. In such a circumstance, it is also clear that movants' interests and those of the defendant would not be aligned, as movants are likely to protest such a collection of funds in order to provide Dixon with its CDSOA distribution for FY 2003.

It is not, however, clear that the instant motion is timely. When considering timeliness, the court makes determinations on a case-by-case basis, according to the court's consideration of all facts of the case. *Nevilles v. EOC*, 511 F.2d 303 (8th Cir. 1975). In certain cases, intervention may be proper after judgment has been entered. *Id.* Furthermore, factors to be considered in assessing timeliness include the stage of the litigation at which intervention is sought, the purposes of the statute under which the action is brought, and the relative harm to the parties which would result from a decision to permit or deny intervention. *Romasanta v. United Airlines, Inc.*, 537 F.2d 915 (7th Cir.), *aff'd*, 432 U.S. 385 (1977). Where, as here, an application for intervention is made after the court has entered judgment, the court must consider how soon after judgment the motion to intervene was filed. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395-96 (1977). Movants argue that neither plaintiff nor defendant provided notice of

the underlying action, although they admit that neither party was required to do so. Movants also argue that neither Dixon nor Customs took any action to preserve the status quo *pendente lite*, such as seeking a temporary restraining order, preliminary injunction, or other interlocutory order restraining Customs from distributing CDSOA funds to the movants. Finally, movants argue that neither party sought to join movants as parties to this action. The court notes that just as neither party was under any obligation to provide movants with notice of the instant case, neither party was under any obligation to perform any of these other actions.

The relative prejudice to existing parties to the litigation, however, is "perhaps the most important factor in determining timeliness of [an application] to intervene as of right." *Silver Reed America, Inc. v. United States*, 9 CIT 1, 5, 600 F. Supp. 852, 856 (1985) (citing *Sumitomo Metal Industries, Ltd. v. Babcock & Wilcox Co.*, 69 C.C.P.A. 75, 669 F.2d 703 (CCPA 1981). Moreover, the timeliness requirement for intervention is not intended to punish an applicant for not acting more promptly, but rather is designed to insure that the original parties are not prejudiced by the delay. *Id.* (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970)). Plaintiff argues that granting intervention will unnecessarily confuse, complicate and unduly delay the resolution of this case and its receipt of its 2003 CDSOA distribution. Dixon essentially argues that it has been, and continues to be, prejudiced by the fact that movants have gained an unfair commercial advantage over Dixon because Dixon has lost "the rightful use of its money." *Pl's Opp. to Mot. for Leave to Intervene*, at 8. Plaintiff also argues that the proposed intervention would interject new parties and new issues post-judgment, causing significant delay. Movants argue, as discussed above, that their already-received CDSOA distributions are in

danger of being recalled by Customs, should the court provide for such a remedy to Dixon. In such an instance, movants have indicated their opposition to the application of 19 C.F.R. § 159.64(b)(3) on constitutional grounds as violative of their due process rights. As movants point out, if the court denies movants' application to intervene, then they will have no choice but to challenge the regulation at such time as Customs may invoke the regulation to collect funds awarded to Dixon by virtue of a final judgment in this action. This, in turn, would raise the prospect that movants will need to raise a permissible collateral attack on the final judgment in this action, and that defendant may find itself subject to conflicting orders issued in different actions. The court agrees that this would not only prejudice movants but also the defendant. It would also add further delay to a process that may result in Dixon's receiving its relief.

Defendant has indicated its intention to appeal this court's April 4, 2005 decision and its subsequent decision to deny rehearing.[2] The court notes that movants filed the instant motion on May 19, 2005, very soon after publication of the court's April 2005 opinion. In consideration of this fact, as well as the potential for prejudice to both defendant and to movants relative to plaintiff, the court grants movants' post-judgment motion to intervene, for purposes of participating in any appeals that defendant may pursue. *See United Airlines,* 432 U.S. at 395-96 ("Our conclusion is consistent with several decisions of the federal courts permitting post-judgment intervention for the purpose of appeal. The critical inquiry in every such case is whether in view of all the circumstances the intervenor acted promptly after the entry of final

---

[2] The court notes that defendant has not yet filed for appeal in this case. *Compare, Belton Industries, Inc. v. United States*, 16 CIT 555, 797 F. Supp. 1000 (1992) (denying intervention and holding that upon filing of a Notice of Appeal by a party, the case falls within the jurisdiction of the Court of Appeals).

judgment.") (citations omitted).  Accordingly, it is hereby

ORDERED that the motion for leave to intervene is hereby granted to allow movants to

participate in any appeal of this action.


August 19, 2005                                                        /s/ Judith M. Barzilay
_____                          _____
New York, NY                                                           Judith M. Barzilay, Judge