**NATIONAL LABOR RELATIONS BOARD, Plaintiff,**

v.

**Gary FRAZIER, Defendant.**

**Civ. A. No. 91–312 (AJL).**

United States District Court, D. New Jersey.

Nov. 9, 1992.

Ronald Raab, Manning, Raab, Dealy & Sturm, New York City, for intervenor.

John K. Bennett, Paul J. DiMaio, Carpenter, Bennett & Morrissey, Newark, N.J., for defendant.

## OPINION

LECHNER, District Judge.

Currently before the court is the motion of Local 32B–32J, Service Employees International Union ("Local 32B") to intervene pursuant to Fed.R.Civ.P. 17, 19 and 24(a) and to appeal to an order of Magistrate, Judge Ronald J. Hedges ("Magistrate Judge Hedges"), filed 1 October 1992 (the "Magistrate's Order").[1]

For the reasons set forth below, the motion to intervene is granted; the Magistrate's Order is affirmed.

*Facts* [2]

In 1989, Local 32B filed two unfair labor practice charges against Prudential Property Company ("Prudential"), Property Management Systems ("Management Systems") and Control Services, Inc. ("Control Services") with the National Labor Relations Board (the "NLRB"). *Frazier*, 966 F.2d at 814. Management Systems had been employed by Prudential to manage certain properties at Gateway Center in Newark, New Jersey. *Id.* at 813–14. Control Services had been hired by Management Systems, pursuant to a contract approved by Prudential, to provide cleaning services (the "Cleaning Contract") at Gateway Center. *Id.* at 814. Gary Frazier ("Frazier"), the general manager of Prudential, was responsible for final approval of the Cleaning Contract. *Id.*

Local 32B alleged, *inter alia*, that Management Systems, as Prudential's agent, had entered into an illegal collective bargaining agreement with an unrepresentative union. *Id.* Although the claims against Prudential were dismissed by the NLRB, the NLRB issued an administrative unfair labor practice complaint against Management Systems and Control Services on 4 May 1990. *Id.* The NLRB's charges re-stated the Local 32B charges. *Id.* On 2 January 1991, Frazier was served with an administrative subpoena *ad testificandum* (the "Frazier Subpoena") to testify at the NLRB's proceedings (the "Unfair Practice Proceedings"). *Id.* On 4 January 1991, Prudential filed a petition with the NLRB to revoke the Frazier Subpoena. *Id.* The Administrative Law Judge (the "ALJ") denied the petition for revocation, although he did limit the scope of Frazier's potential testimony. *Id.*

Because Frazier still refused to testify, Local 32B requested the NLRB to institute an enforcement proceeding pursuant to 29 C.F.R. § 102.31(d) (1992).[3] Intervention Brief at 2. The NLRB thereafter filed this action (the "Enforcement Action") to enforce the Frazier Subpoena pursuant to Section 11(2) of the National Labor Rela-

---

**1.** In support of the motion to intervene and as a basis for its appeal, Local 32B has submitted the following: Memorandum of Points and Authorities in Support of Motion for Leave to Intervene (the "Intervention Brief"); Objections/Appeal to Magistrate's Order of October 1, 1992; Local 32B–32J, SEIU's Memorandum in Support of Its Objections to Magistrate Hedges' Letter–Opinion of October 1, 1992 (the "Appeal Brief"). No reply brief has been submitted by Local 32B.

In opposition to both the motion to intervene and the appeal to the Magistrate's Order, Frazier has submitted the following: Respondent Gary Frazier's Memorandum of Law in Opposition to Local 32B, Service Employees International Union's Appeal to Magistrate Judge Hedges' Letter–Opinion of October 1, 1992 (the "Opp. Brief") and Affidavit of John K. Bennett (the "Bennett Aff.").

**2.** The material facts in this case are largely undisputed and are set forth at length in *National Labor Relations Board v. Frazier*, 966 F.2d 812 (3d Cir.1992). Only those facts material to the current dispute are set forth below.

**3.** *See infra* note 8 (for text of 29 C.F.R. § 102.-31(d)).

tions Act, 29 U.S.C. § 161(2). *Frazier*, 966 F.2d at 815. The Enforcement Action was referred to Magistrate Judge Hedges, who denied enforcement to the Frazier Subpoena on 2 April 1991. *Id.* at 815.

On 23 May 1991, this court affirmed the ruling of Magistrate Judge Hedges. Letter–Opinion and Order, filed 23 May 1991, at 2–3. On appeal, the Circuit reversed and stated: "While the court has no opinion as to the value of Frazier's testimony, we merely require that Frazier testify because his testimony appears to be relevant to the [U]nfair [P]ractice [P]roceeding[s]." *Frazier*, 966 F.2d at 820. The Circuit remanded the case "for proceedings consistent with [its] opinion." *Id.*

On remand, on 3 August 1992, Frazier was ordered as follows:

> ORDERED, that Frazier shall appear before the [ALJ] designated by the NLRB in connection with [the Unfair Practice Proceedings] pending before the NLRB on a date to be designated for testimony consistent with the scope specified by the Third Circuit as being relevant, . . . and it is further
>
> ORDERED, that any disputes occurring during such appearance shall be referred to United States Magistrate Judge Hedges, via telephone conference; the parties shall coordinate the scheduling of Frazier's appearance with Magistrate Judge Hedges.

Order, filed 3 August 1992 (the "3 August 1992 Order").

On 11 September 1992, a conference call occurred among Magistrate Judge Hedges and counsel for the NLRB, for Local 32B and for Frazier. Bennett Aff., ¶ 3. The purpose of this conference call was to address issues relating to Frazier's appearance at the Unfair Practice Proceeding.

Opp. Brief at 3. During this conference call, the issue was raised as to who would pay for Frazier's travel-related expenses (the "Frazier Travel Expenses") in attending the Unfair Practice Proceedings.[4] *Id.* This issue had assumed importance because, in the period between service of the Frazier Subpoena and the 3 August 1992 Order, Frazier had been transferred by Prudential from its office in Newark, New Jersey to its office in Los Angeles, California. Opp. Brief at 3. Frazier now resides permanently in California. *Id.*

On 1 October 1992, having directed the parties to brief the issue, Magistrate Judge Hedges ordered Local 32B to pay the Frazier Travel Expenses. Magistrate's Order at 3; Bennett Aff., ¶ 4. On 5 October 1992, Frazier provided Local 32B with an itemization of costs necessary for his appearance at the Unfair Practice Proceedings. Opp. Brief at 3; Bennett Aff., ¶ 11, Ex. F (letter from John K. Bennett, Esq. to Larry Engelstein, Esq., dated 5 October 1992). The submitted costs totalled one thousand two hundred ninety-nine dollars.[5] *Id.*, Ex. F. Frazier was scheduled to testify at the Unfair Practice proceedings on 15 October 1992. Opp. Brief at 8.

On 7 October 1992, Local 32B filed a motion for continuance of the Unfair Practice Proceedings or a ruling with the ALJ. Bennett Aff., ¶ 12, Ex. G (copy of motion with cover letter, dated 7 October 1992). Local 32B argued that a continuance was necessary "to permit an appeal of Magistrate [Judge] Hedges letter-opinion regarding the payment of witness and mileage fees to Gary Frazier." *Id.* at Ex. G. Local 32B also argued that "Frazier should be commanded to appear notwithstanding Magistrate [Judge] Hedges ultra vires opinion."[6] *Id.* On 14 October 1992, Local

---

4. It appears that in December 1990, while Frazier was still living in Newark, New Jersey, Frazier received a check from Local 32B for thirty-one dollars to cover his expenses and fees related to appearing at the Unfair Practice proceedings. Bennett Aff., Ex. D (letter reply from Bennett to Magistrate Judge Hedges, dated 25 September 1992).

5. This figure deducted the thirty-one dollars previously advanced by Local 32B to Frazier. *See* Bennett Aff., Ex. F.

6. The resolution of this motion for continuance or a ruling is not known. Rule 17 provides in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest. . . . [However,] a party authorized by statute may sue in that

32B filed this motion for intervention and for appeal of the Magistrate's Order.

*Discussion*

### A. Motion to Intervene

Local 32B seeks to intervene in this action pursuant to Rules 17, 19 or 24 of the Federal Rules of Civil Procedure. Intervention Brief at 2. Specifically, Local 32B argues that it is the real party in interest under Fed.R.Civ.P. 17. *Id.* Local 32B also argues it has an interest in this proceeding which will be impaired if the NLRB does not file objections to the Magistrate's Order and, therefore, it has a right to intervene under Fed.R.Civ.Proc. 17, 19 and 24.[7] *Id.* Frazier does not object to the Local 32B motion for intervention. Frazier states: "Given that [Local 32B's] appeal is both untimely and nonmeritorious, Frazier takes no position on the [Local 32b] threshold motion to intervene, a matter within the discretion of this court. Opp. Brief at 4 n. 1.

Rule 24(a) provides in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). Rule 24(a) is to be liberally construed in favor of intervention. *United States v. Oregon,* 913 F.2d 576, 587 (9th Cir.1990), *cert. denied sub nom., Makah Indian Tribe v. United States,* — U.S. —, 111 S.Ct. 2889, 115 L.Ed.2d 1054 (1991); *Feller v. Brock,* 802 F.2d 722, 729 (4th Cir.1986); *Arkansas Elec. Energy Consumers v. Middle S. Energy, Inc.,* 772 F.2d 401, 404 (8th Cir.1985).

Four requirements must be met to satisfy Rule 24(a)(2): (1) the application must be timely, (2) the applicant must have direct interest in the subject matter of the litigation, (3) the applicant's interest must be impaired by disposition of the action without the applicant's involvement and (4) the applicant's interest must not be represented adequately by any existing party to the action. *Harris v. Reeves,* 946 F.2d 214, 219 (3d Cir.1991), *cert. denied sub nom., Abraham v. Harris,* — U.S. —, 112 S.Ct. 1516, 117 L.Ed.2d 652 (1992); *see also Manasota–88, Inc. v. Tidwell,* 896 F.2d 1318, 1321 (11th Cir.1990); *Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.), *cert. denied sub nom., Illinois Pro–Life Coalition, Inc. v. Keith,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Evans v. Buchanon,* 130 F.R.D. 306, 309 (D.Del.1990). In the present case, these requirements are met.

First, the application to intervene is timely. As discussed below, *see infra* at pp. 657–658, the motion to appeal the Magistrate's Order has been filed in a timely fashion. This being the case, the motion to intervene must be considered timely as well. In addition, it neither appears nor has Frazier argued that any prejudice will result from allowing intervention. Absent delay or prejudice, a motion to intervene is considered timely. *Oregon,* 913 F.2d at 588.

Second, in both the immediate and larger senses, Local 32B has a direct interest in the subject matter of the litigation. The Magistrate's Order held that Local 32B "must pay Frazier's travel related expenses." *Id.* at 3. By Frazier's calcula-

---

person's own name without joining the party for whose benefit the action is brought.... It is difficult to see how this section advances the position of Local 32B. Rule 17 is a procedural provision. It allows, in certain circumstances, a suit to be brought by a party in place of the real party in interest. Indeed, that is precisely what happened in this case when, pursuant to 29 C.F.R. § 102.31(d) (1992), the NLRB brought suit on behalf of Local 32B. Rule 17, however, does not define the term "real party in interest." It does not, in any way, assist in determining whether Local 32B is an interested party to this current action.

Similarly, Rule 19 concerns the joinder of parties to an action, not intervention, and is inapplicable to the present motion of Local 32B.

7. The applicability of Fed.R.Civ.P. 17 and 19 to this action is not clear.

tion, these expenses total one thousand two hundred ninety-nine dollars. Bennett Aff., Ex. F. Because compliance with the Magistrate's Order would require Local 32B to expend this amount, Local 32B has a direct interest in this proceeding.

In addition to its immediate economic interest, Local 32B has a direct interest in the subject matter of this action—namely, enforcement of the Frazier Subpoena. As the Circuit stated on appeal: "[T]he question of whether or not to enforce the subpoena is the *only* matter before the court" in an enforcement proceeding. *Frazier*, 966 F.2d at 817–18. Because this Enforcement Action was instituted by the NLRB only at the request of Local 32B to secure enforcement of the Frazier Subpoena,[8] it is axiomatic that Local 32B has an interest in the subject matter of this litigation. This interest is heightened by the fact that payment of the Frazier Travel Expenses is directly related to the matter of enforcing the Frazier Subpoena.

■ Third, the interest of Local 32B will be implicated if the matter is resolved without its intervention. Should Local 32B not be allowed to intervene, the Frazier Subpoena will be enforced pursuant to the Magistrate's Order. While the immediate object of the Enforcement Action will have been achieved, the interest of Local 32B will be implicated and impaired because enforcement will have occurred on terms unfavorable to Local 32B. Moreover, the interest of Local 32B in terms of this particular issue—whether or not it should be required to pay for the Frazier Travel Expenses—is directly implicated.

■ Finally, Local 32B's interest will not be adequately represented by the present party to this lawsuit. Under 29 C.F.R. § 102.1(d) (1992), "[n]either the general counsel nor the [NLRB is] deemed ... to have assumed responsibility for the effective prosecution of the [Enforcement Action] before the court." *Id.* Indeed, in this

case, the date for objecting to the Magistrate's Order has passed without the filing of opposition by the NLRB. Absent intervention, therefore, Local 32B and its interests will not receive adequate representation with regard to the matter of who should pay for the Frazier Travel Expenses.

■ In the alternative, it is clear that Local 32B has also satisfied the elements of permissive intervention pursuant to Fed. R.Civ.P. 24(b). Rule 24(b) states in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the individual parties.

*Id.*

Local 32B's claim that it is not required to pay for the Frazier Travel Expenses is merely one aspect of the larger question in this case—namely whether and on what terms Frazier must comply with the Frazier Subpoena. By necessity, the question of who must bear the Frazier Travel Expenses arises from a common set of facts as the Enforcement Proceeding itself. Stated another way, without the Unfair Practice Proceedings and the events which precipitated it, there would be neither an Enforcement Proceeding nor a dispute over Frazier's expenses.

As for common questions of law, both the Enforcement Action and the requirement to pay witness fees arise from the same provisions of the Code of Federal Regulations and the United States Code. *See* 29 U.S.C. § 161(2) (allowing NLRB to compel reluctant witness to testify); 29 U.S.C. § 161(4) (providing for payment of fees to witnesses summoned to testify before NLRB); *see also* 29 C.F.R. § 102.31

---

8. The request was made by Local 32B pursuant to 29 C.F.R. § 102.31(d) (1992) which states: Upon the failure of any person to comply with a subpoena issued upon the request of a private party, the general counsel shall, in the name of the [NLRB] but on relation of such private party, institute proceedings in the appropriate district court for enforcement thereof.... *Id.*

(1992) (providing procedures for NLRB to issue subpoenas *ad testificandum*); 29 C.F.R. § 102.32 (1992) (providing for payment of fees to witnesses before NLRB). Moreover, as indicated previously, Frazier has neither argued nor does it appear that intervention by Local 32B will unduly delay the Unfair Practice Proceedings or the Enforcement Action or will prejudice any of the parties.

For these reasons, and considering the lack of opposition interposed by Frazier on this point, the motion of Local 32B to intervene is granted.

### B. Limitations Period

█ Frazier argues that the instant motion to intervene and the appeal were untimely filed and must, therefore, be dismissed. Opp. Brief at 6. Specifically, Frazier argues that (1) pursuant to Rule 40D(4) of the Local Rules for the United States District Court of the District of New Jersey (the "District of New Jersey Local Rules") ("Local Rule 40D(4)"), an appeal from the Magistrate's Order was required to be filed within ten days of the entry of that order and (2) the Local 32B appeal was not filed until 14 October 1992, thirteen days later. *Id.* at 5–6. Thus, according to Frazier, "the present motion ... is beyond the time limitations specified in Local Rule 40D(4)." *Id.* at 6.

Local Rule 40D(4) states that "[a]ny party may appeal from a Magistrate's determination of a non-dispositive matter within 10 days after entry of the Magistrate's Order, unless a different time is prescribed by the Magistrate or Judge." *Id.* The rule, however, is ambiguous because it does not indicate whether by ten "days" it means ten business days or ten calendar days.

Rule 1 of the District of New Jersey Local Rules ("Local Rule 1") requires that the District of New Jersey Local Rules are governed by, *inter alia*, the Federal Rules of Civil Procedure. Specifically, Local Rule 1 provides:

The following General and Admiralty Rules supplement the Federal Rules of Civil Procedure ... and are applicable in all proceedings when not inconsistent therewith.
Local Rule 1.

The computation of filing time is specifically addressed in Fed.R.Civ.P. 6(a). Rule 6(a) states in pertinent part:

In computing any period of time prescribed or allowed by these rules, by the *local rules of any district court*, by order of court or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday.... When the period of time prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

*Id.* (emphasis added). Restated, Rule 6(a) requires that, where a time prescribed by a rule or order of procedure is less than eleven days, only business days count. Moreover, as Fed.R.Civ.P. 6(a) makes clear, this method of computation is to be applied to the Local Rules of the District of New Jersey.

Computing the relevant time period for the purposes of this motion, it appears that the Local 32B motion to intervene and its appeal from the Magistrate's Order was timely filed. The computation is as follows: The Magistrate's Order was entered on 1 October 1992. The Local 32B motion and appeal were filed on 14 October 1992. Excluding the date of entry and including the date of filing, as required by Fed. R.Civ.P. 6(a), the initial difference in time is fourteen days. Excluded from these fourteen days, however, are five intervening days—3 October 1992 (Saturday), 4 October 1992 (Sunday), 10 October 1992 (Saturday), 11 October 1992 (Sunday) and 12 October 1992 (Columbus Day).[9] As a result, only

---

**9.** Rules 6(a) and 77(c) consider New Year's Day, Martin Luther King, Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day and Christmas Day among the "legal holidays" excluded from the computation of less-than-eleven day prescribed time periods. Fed.R.Civ.P. 6(a), 77(c).

nine business days passed between the date the Magistrate's Order was entered [10] and the date the Local 32B motion and appeal were filed. The motion and appeal, therefore, were timely filed.

### C. Objections to the Magistrate's Order

Local 32B objects to and appeals from the Magistrate's Order on two grounds. First, Local 32B argues Magistrate Judge Hedges exceeded his jurisdiction in even considering who must pay the Frazier Travel Expenses because this question was properly before the ALJ in the Unfair Practices Proceedings. Appeal Brief at 3. Second, Local 32B argues that Magistrate Judge Hedges erred as a matter of law in requiring Local 32B to pay for the Frazier Travel Expenses. *Id.* at 3–4.

#### 1. *Scope of Magistrate Judge Hedges Authority*

Local 32B's entire argument on this point is as follows:

This Court's August 3 order conferred authority on Magistrate Hedge's to address "disputes occurring during [Frazier's] appearance" before the ALJ. This dispute arose prior to Frazier's appearance. Hence, it was not properly before the Magistrate.

The issue would have been ripe if he had declined to appear before the ALJ as ordered. Instead, Frazier sought an advisory opinion from the Magistrate regarding his objections under the Court's order.

Appeal Brief at 3. Local 32B cites no legal support for this argument.

As previously stated, the full text of the relevant section of the 3 August 1992 Order is as follows:

ORDERED, that any disputes occurring during such appearance shall be referred to United States Magistrate Judge Hedges, via telephone conference; the parties shall coordinate the scheduling of Frazier's appearance with Magistrate Judge Hedges.

Contrary to Local 32B's assertion, the 3 August 1992 Order envisioned that Magistrate Judge Hedges would assist the parties in coordinating Frazier's compliance with the Frazier subpoena and in scheduling his appearance at Unfair Practice Proceedings. By use of the word "coordinate," it was meant that Magistrate Judge Hedges was to resolve any disputes arising between the parties regarding Frazier's appearance and, thereby, to ensure that compliance with the Frazier Subpoena occurred. There simply is no logical reason for involving Magistrate Judge Hedges in this process, if not to resolve such conflicts.

Because the dispute over the Frazier Travel Expenses arose in the context of "coordinating" Frazier's appearance at Unfair Practice Proceedings, Magistrate Judge Hedges was acting within his scope of authority in ruling on the issue.[11] The issue was a non-dispositive issue and, pursuant to Rules 40 and 40A of the Local

---

**10.** *It should be noted that, under the amendments to Fed.R.Civ.P. 72, effective 1 December 1991, the date of entry of a Magistrate's non-dispositive order is no longer applied in calculating the ten day objection period. Amended Rule 72(a), which must take priority over Local Rule 40D(4) to the extent the two are inconsistent, see supra p. 657, now provides:*

A magistrate to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days *after being served* with a copy of the magistrate's order, a party may serve and file objections to the order....

Fed.R.Civ.P. 72(a) (emphasis added). Because the Local 32B motion is timely even under the

period prescribed by Local Rule 40D(4), it is also timely under revised Rule 72(a).

**11.** In the Magistrate's Order, Magistrate Judge Hedges suggested a broader reading of the first part of the 3 August 1992 Order than is currently argued by Local 32B. Magistrate Judge Hedges observed:

Pursuant to [the 3 August 1992 Order] any disputes "occurring" during Frazier's "appearance" before an administrative law judge should be referred to me. I deem the dispute *sub judice* to be within that language and I will not address the propriety of placing this issue before the administrative law judge.

Magistrate's Order at 2 n. 1. While the broader reading suggested by Magistrate Judge Hedges is persuasive, a choice between this interpretation and the one posed by Local 32B need not be made here, in light of the above discussion.

Rules of the District of New Jersey [12] and 28 U.S.C. § 636(c),[13] Magistrate Judge Hedges properly considered the question and issued his opinion and order. The argument of Local 32B that Magistrate Judge Hedges exceeded his authority under the 3 August 1992 Order is rejected as meritless.[14]

### 2. *Determination of the Frazier Travel Expenses*

Local 32B argues that Magistrate Judge Hedges erred as a matter of law in requiring Local 32B to pay for the Frazier Travel Expenses. Appeal Brief at 3–4. Specifically, Local 32B contends that fees should be determined on the date of service of the subpoena, rather than the date of enforcement. *Id.* at 4. This argument concludes that because Local 32B already paid travel expenses to Frazier at the time of service, when Frazier lived in New Jersey, it should not now be required to pay additional expenses because Frazier has moved to California prior to the Frazier Subpoena's enforcement. *Id.*

**12.** Local Rule 40 states:
> Each Magistrate is authorized to perform all judicial duties assigned by the Court that are consistent with the Constitution and the laws of the United States.

Local Rule 40. Local Rule 40A sets forth the specific duties assignable to magistrates, allowing magistrates to hear and determine cases and to issue orders on non-dispositive motions and scheduling matters. *See* Local Rule 40A; *see also* Fed.R.Civ.P. 72 (magistrate may enter written order on matters not dispositive of a claim or defense of a party); *infra* note 15 (listing eight dispositive motions which must be determine by Article III judges).

**13.** Section 636(b)(3) states:
> A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and Laws of the United States.

28 U.S.C. § 636(b)(3). It is important to note that Local 32B has contested the jurisdiction of Magistrate Judge Hedges only insofar as the Magistrate's Order allegedly exceeded the authority prescribed by the 3 August 1992 Order. Local 32B does not argue that determination of the Frazier Travel Expenses issue violated either Local Rules 40 or 40A or 28 U.S.C. § 636(b)(3).

**14.** The argument that Frazier sought only an advisory opinion from Magistrate Judge Hedges is similarly rejected as meritless. Local 32B provided neither legal nor factual support for

### Standard of Review

Under 28 U.S.C. § 636(b)(3) and Local Rule 40, a district judge may assign duties to a magistrate so long as those duties are not inconsistent with the Constitution or laws of the United States. *Frazier*, 966 F.2d at 816. Matters referred to a magistrate under these sections are subject to two standards of review—a "clearly erroneous or contrary to law" standard for non-dispositive matters and a "de novo review" standard for dispositive matters.[15] *Id.* If the matter referred is more akin to a non-dispositive pre-trial motion than a dispositive pre-trial motion, the clearly erroneous or contrary to law standard is employed. *Id.*

The issue of who must pay the Frazier Travel Expenses is more akin to a non-dispositive matter, in that resolution of the issue is not dispositive of a claim or defense in the Enforcement Action. *See* Fed.R.Civ.P. 72. As previously stated, the Circuit has indicated the *only* matter to be decided in the Enforcement Action is whether the Frazier Subpoena should be enforced. *Frazier*, 966 F.2d at 817–18.

this argument. Moreover, as previously discussed, the dispute over the Frazier Travel Expenses was raised in the context of coordinating Frazier's attendance at the Unfair Practice Proceedings. As such, Magistrate Judge Hedges requested the parties to brief the issue and, thereafter, properly resolved the issue. The fact that there existed a good faith dispute between the parties on this issue is evidenced by their submissions to Magistrate Judge Hedges. *See* Bennett Aff., Exs. A–E.

**15.** There are a number dispositive motion types that cannot be decided by a magistrate and for which a magistrate can only issue a report and recommendation. These are:
> [M]otions for injunctive relief (including temporary restraining orders and preliminary injunctions), for judgment on the pleadings, for summary judgment, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, to involuntarily dismiss an action, for judicial review of administrative determinations, for review of default judgments, and for review of prisoners' petitions challenging conditions of confinement.

Local Rule 40A(2); *see also* 28 U.S.C. § 636(b)(1)(A) (also listing as dispositive motions to dismiss or quash an indictment or information made by the defendant).

This issue has already been decided, *see id.* at 820, and Frazier's attendance at the Unfair Practice Proceedings has been ordered. 3 August 1992 Order. The Magistrate's Order was directed at implementing the 3 August 1992 Order, rather than deciding any issue dispositive of the Enforcement Action.[16]

A magistrate's non-dispositive order will only be set aside or modified upon a finding by the district court that the order was "clearly erroneous or contrary to law."[17] Local Rule 40D; Fed.R.Civ.P. 72(a); *see also Frazier,* 966 F.2d at 816; *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1113 (3d Cir.1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). "A finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Dome Protection, Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J.1990) (quoting *United States v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *see Environmental Tectonics Corp., International v. W.S. Kirkpatrick & Co.,* 659 F.Supp. 1381, 1398 (D.N.J.1987), *aff'd in part, rev'd in part,* 847 F.2d 1052 (3d Cir.1988), *aff'd,* 493 U.S. 400, 110 S.Ct. 701, 107 L.Ed.2d 816 (1990).

■ The rules governing NLRB proceedings provide:

> Witnesses summoned before the trial examiner shall be paid the same fees and mileage that are paid witnesses in courts of the United States. . . . Witness fees and mileage shall be paid by the party at whose insistence the deposition is taken.

26 C.F.R. § 102.32 (1992); *see also* 29 U.S.C. § 161(4) (providing for witnesses summoned before NLRB to be compensated as witnesses in federal court). Witnesses appearing in federal court are paid "an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(b). A witness is also paid the attendance fee "for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." *Id.*

In addition, a witness in federal court is paid for incurred travel expenses. 28 U.S.C. § 1821(c). As 18 U.S.C. § 1821(c) provides:

> A witness who travels by common carrier *shall* be paid for the *actual* expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily travelled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. . . .

*Id.* (emphasis added).

Although 18 U.S.C. § 1821(c) does not indicate whether a witness's travel expenses are to be paid at the time a subpoena is served or at the time it is enforced, the section unambiguously mandates that a witness "shall" be paid the "actual" expenses of travel. Because actual travel expenses are more accurately and properly determined at the time of enforcement— that is, when a witness complies with a subpoena and travels to testify—the statute, on its face, reasonably supports an interpretation that a witness' travel expenses should be measured at the time of enforcement.

■ This interpretation appears to be supported by the Congressional intent embodied in the statute's legislative history. The central purpose behind 28 U.S.C. § 1821 is ensure that a witness is properly and adequately compensated for the expenses which witness service entails. *See* H.R.Rep. No. 95–1651, 95th Cong., 2d Sess., pt. 2, 2033 (1978), *reprinted in* 1978 U.S.C.C.A.N. 4631 (revising 28 U.S.C. § 1821 to account for inflation and to permit compensation for variety of witness expenses previously uncompensated).

---

**16.** In addition, the issue of who must pay the Frazier Travel Expenses is not among the types of motions excluded from the determination of a magistrate pursuant to Local Rule 40A or 28 U.S.C. § 636(b)(1). While this consideration is relevant, it is not dispositive and is not the basis relied on for the findings stated above. *Frazier,* 966 F.2d at 817.

**17.** Local 32B recognizes that this is the proper standard of review in this matter. *See* Appeal Brief at 1.

Moreover, concerning 28 U.S.C. § 1821(c), Congress recognized that witnesses are to be compensated for "distance necessarily travelled." *Id.* at 4635. This language, incorporated in the text of the statute itself, supports the argument that Frazier should be compensated for the distance actually travelled to attend the Unfair Practice Proceedings.

The essence of Local 32B's position is that, because Frazier originally resisted enforcement of the Frazier Subpoena and thereafter moved, he should now be required to assume the additional travel expenses inherent in complying with the Frazier Subpoena. Appeal Brief at 4. This argument is not supported by law and it cuts against both the plain meaning of 28 U.S.C. § 1821(c) and the statute's expressed legislative intent.[18]

As Magistrate Judge Hedges recognized, there is no case directly on point to determine this issue. Magistrate's Order at 2. Nevertheless, Magistrate Judge Hedges did point out that "it is the witness' attendance pursuant to the law rather than the degrees of voluntariness which determines entitlement to fees." *Id.* (citing *Dasher v. Mutual Life Ins. Co.*, 78 F.R.D. 142, 145 (S.D.Ga.1978); *Oscar Gruss & Son v. Lumberman's Mut. Cas. Co.*, 46 F.R.D. 635, 639 (S.D.N.Y.1969)). A review of the authority cited by Magistrate Judge Hedges supports this statement. While Local 32B objects to the Magistrate's Order, it neither addresses this point nor cites any contrary case law.

Moreover, despite Local 32B's statement that it "do[es] not seek to penalize Frazier," Appeal Brief at 3, this is exactly what a determination that travel expenses are measured at the time of a subpoena's service would do. Administrative subpoenas issued by the NLRB are not self-enforcing. *Wearly v. Federal Trade Comm'n*, 616 F.2d 662, 665 (3d Cir.), *cert. denied*, 449 U.S. 822, 101 S.Ct. 81, 66 L.Ed.2d 25 (1980); *National Labor Relations Bd. v. International Medication Sys., Ltd.*, 640 F.2d 1110, 1115–16 (9th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1712, 72 L.Ed.2d 134 (1982); *United States v. McGovern*, 87 F.R.D. 584, 587 (M.D.Pa. 1980); *see also United States v. Westinghouse Elec. Corp.*, 788 F.2d 164, 167 (3d Cir.1986) (listing requirements for judicial enforcement of administrative subpoena); *Territorial Court of Virgin Islands v. Richards*, 673 F.Supp. 152, 157 (D.V.I.1987) (same), *aff'd*, 847 F.2d 108 (3d Cir.), *cert. denied*, 488 U.S. 955, 109 S.Ct. 390, 102 L.Ed.2d 380 (1988).

In fact, the NLRB's own rules provide the recipient of an administrative subpoena with a specific procedure by which to object to that subpoena. Section 102.31(b) states:

> Any person, served with a subpoena, whether *ad testificandum* or *duces tecum*, if he does not intend to comply with the subpoena, shall, within 5 days after the date of service upon him, petition in writing to revoke the subpoena....

29 C.F.R. § 102.31(b) (1992). Even if the petition to revoke is denied, the rules indicate that further non-compliance may be anticipated and, in some circumstances, may be justified:

> Upon the failure of any person to comply with a subpoena issued upon the request of a private party, the general counsel shall, in the name of the [NLRB] but on relation of such private party, institute proceedings in the appropriate district

---

**18.** Local 32B cites only one case in its Appeal Brief, *Atlantic Richfield Co. v. United States Dep't of Energy*, 769 F.2d 771 (D.C.Cir.1984). According to Local 32B, requiring Frazier to bear the increased costs of attendance "is consistent with the modern view [as evidenced by *Atlantic Richfield*] that agencies may take steps to protect their adjudicatory processes in the face of non-compliance with their subpoenas." Appeal Brief at 4.

This argument is meritless. *Atlantic Richfield* has nothing to do with the issue *sub judice*. The case addresses the issue of whether evidentiary sanctions may be imposed by an ALJ upon recalcitrant parties during discovery. The case (1) does not involve compliance with a subpoena, (2) is not concerned with sanctions against non-parties and (3) does not, in any way, discuss witness fees, travel expenses or the statutory and regulatory provisions applicable to the issue *sub judice*.

Moreover, the reasoning of Local 32B on this point is flawed. While an agency may take steps to protect its adjudicatory processes—such as issuing discovery sanctions against parties—it does not have the power to enforce its own subpoenas *ad testificandum*. *See infra* at pp. 661–662.

court for the enforcement thereof, *unless* enforcement of such subpoena would be inconsistent with law and with the policies of the [National Labor Relations] Act.

*Id.* § 102.31(d) (emphasis added).

■ Despite the implications of Local 32B's argument, there is nothing to indicate that Frazier's noncompliance with the Frazier Subpoena was wrongful. Frazier's conduct was consistent with the rules governing administrative subpoenas. Frazier's compliance could not be compelled absent an order by an Article III court and Frazier was within his rights in resisting compliance with the Frazier Subpoena.[19] Considering that both Magistrate Judge Hedges and this court denied enforcement to the Frazier Subpoena, prior to the Circuit's reversal, Frazier's resistance cannot be said to have been patently unreasonable or unjustified.

Similarly, Local 32B has provided no evidence to indicate that Frazier's relocation to California is suspect or was motivated by a desire to avoid compliance with the subpoena. Frazier has represented that his relocation was the result of a job transfer and that he now permanently resides in California. Opp. Brief at 12. Local 32B has not contested these facts. It is difficult to accept that someone would move across the country merely to escape compliance with a subpoena, in an action in which neither he nor his employer were even parties.

Under these circumstances, it would be unreasonable to require Frazier to pay for the additional witness expenses to be incurred because of his move. Moreover,

considering the lack of any case law on this issue, as well as the plain language and legislative history of the relevant statute, it cannot be said that the Magistrate's Order was clearly erroneous or contrary to law. The Magistrate's Order is affirmed. Local 32B shall bear the costs of Frazier's attendance at and travel to the Unfair Practice Proceedings.[20] 29 C.F.R. § 102.32 (1992).

*Conclusion*

For the reasons set forth above, the motion of Local 32B to intervene is granted; the appeal is denied and the Magistrate's Order requiring Local 32B to pay for the Frazier Travel Expenses is affirmed.

■

---

19. Local 32B argues:

> If Frazier was served with a Rule 45 deposition subpena, filed a motion to quash, and relocated between the date of service and the court's denial of his motion, there would be no question that he would bear any additional travel costs resulting from his relocation.

Local 32B cites no authority to support this proposition. Nor does Local 32B provide support for the idea that a self-enforcing subpoena issued by a federal court under Rule 45 should be treated the same way a non-self-enforcing subpoena issued by an administrative agency. In fact, the opposite is true. Non-compliance with Rule 45 subpoenas can result in contempt sanctions. Fed.R.Civ.P. 45(e). In contrast, "an

agency 'could not, under our system of government, and consistent with due process of law, be invested with authority to compel obedience to its orders by a judgment of fine or imprisonment.'" *See International Medication*, 640 F.2d at 1116 (quoting *Interstate Commerce Comm'n v. Brimson*, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047 (1894)).

20. Local 32B makes the point that some witness fees—to be precise, thirty-one dollars—have been provided to and "pocketed by" Frazier. Appeal Brief at 4. It appears that Frazier has already deducted this sum from the proposed itemization of expenses. Bennett Aff., Ex. F.