**ACR ENERGY PARTNERS, LLC, Plaintiff,**

v.

**POLO NORTH COUNTRY CLUB, INC., Defendant.**

Civil Action No. 15–2677 (JBS/JS).

United States District Court, D. New Jersey.

Signed Aug. 19, 2015.

Stuart M. Brown, DLA Piper LLP, Wilmington, DE, for Plaintiff.

Stuart J. Moskovitz, Freehold, NJ, for Defendant.

**ORDER GRANTING THE BANK OF NEW YORK MELLON'S UNOPPOSED MOTION TO INTERVENE**

JEROME B. SIMANDLE, Chief Judge.

This action arises out of a dispute between Plaintiff ACR Energy Partners, LLC (hereinafter, "ACR") and Defendant Polo North Country Club, Inc. (hereinafter, "Polo North") regarding the provision of energy services to the former Revel Casino property in Atlantic City, New Jersey. (*See generally* Am. Compl.) The Bank of New York Mellon (hereinafter, "BNYM"), the Indenture Trustee of ACR's municipal debt and the holder of a security interest in substantially all of ACR's assets, now moves to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2). [*See* Docket Item

73.] For the reasons that follow, BNYM's motion to intervene will be granted.[1]

In the pending motion,[2] BNYM specifically argues that its security interest in ACR's property—the very property implicated in this action—entitles it to intervene as of right, because ACR initiated this litigation specifically for the purpose of vindicating and protecting BNYM's collateral. (*See* BNYM's Br. at 9–11.) BNYM further states that ACR inadequately represents this "acute interest," because "ACR's precarious financial condition"[3] may leave it unable "to preserve the value and integrity" of BNYM's collateral. (*Id.* at 11–13.)

■ Federal Rule of Civil Procedure 24 prescribes two paths to intervene in actions pending in federal court: intervention of right and permissive intervention. *See generally* FED. R. CIV. P. 24. As relevant here, Federal Rule of Civil Procedure 24(a)(2) addresses intervention of right, and provides that the court must permit anyone to intervene who: "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R.CIV.P. 24(a)(2). Stated differently, an applicant seeking to intervene of right must demonstrate a "significantly protectable" legal interest relating to the subject matter of the action, *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir.1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir.1987)), and must show that the present parties prove inadequate to represent such interests. *See Palladino v. Corbett*, No. 13–5641, 2014 WL 830046, at *2 (E.D.Pa. Mar. 4, 2014) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir.1998)). Courts, however, "lib-

erally construe[ ]" Rule 24(a) "in favor of intervention." *NLRB v. Frazier*, 144 F.R.D. 650, 655 (D.N.J.1992).

■ Here, the Court need not belabor the inquiry because BNYM's security interest in *all* of the claimed ACR property disputed in this litigation readily supports BNYM's entitlement to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2).[4] Indeed, the Court of Appeals for the Third Circuit routinely finds interests of this kind sufficient to support an applicant's intervention as of right. *See, e.g., Mountain Top Condo. Ass'n,* 72 F.3d at 368 (finding an interest in the property disputed in the litigation "sufficient to support an applicant's intervention as of right"); *Kleissler,* 157 F.3d. at 974 (finding intervention as of right appropriate in order to allow private parties to protect their economic interests in certain agreements). Moreover, no party has filed opposition to BNYM's motion, and BNYM's intervention would not otherwise appear to cause any obvious prejudice and/or delay. *See City of Jersey City v. Hodel,* 714 F.Supp. 126, 127 (D.N.J.1989) (granting a motion to intervene as unopposed). For all of these reasons, BNYM's motion to intervene as of right will be granted.

Consequently, and for good cause shown;

IT IS this 19th day of August, 2015, hereby

**ORDERED** that BNYM's motion to intervene [Docket Item 73] shall be, and hereby is, **GRANTED;** and it is further

**ORDERED** that BNYM shall be, and hereby is, permitted to appear and participate in this action as an **INTERVENOR.**

---

1. No opposition has been filed, and the deadline to file opposition expired on July 6, 2015.

2. For purposes of the pending motion, the Court need not retrace the lengthy history of this action and writes only for the benefit of the parties.

3. BNYM's affiant, Julie Morrone, specifically states that ACR lacks the cash necessary to meet

its ongoing obligations, has defaulted on the terms of the Trust Indenture, and remains in arrears on its required payments to BNYM. (*See* Morrone Dec. at ¶¶ 7–8, 12–13.)

4. *As a result, the Court need not reach BNYM's alternative request for permissive intervention.* (*See* BNYM's Br. at 13.)